UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NOHMAAN MALIK,**

Movant,

v.

**UNITED STATES OF AMERICA,**

Respondent.

**No. 4:25-cv-1135-P**
**(No. 4:22-cr-0340-P)**

## OPINION AND ORDER

Came on for consideration the motion of Nohmaan Malik under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply,[1] the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On November 10, 2022, Movant was named in a three-count information charging him in count one with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, in count two with passport fraud, in violation of 18 U.S.C. §§ 1546 and 2, and in count three with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. CR ECF No.[2] 12. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offenses charged and the government agreed not to bring any additional charges based upon the conduct underlying and related to the plea. CR ECF No. 18. The plea agreement also set forth the penalties that could be imposed (including imprisonment for up to 30 years as to count one, up to 10 years as to count two, and a mandatory term of 2 years as to count three), the Court's sentencing discretion, recognition that no one could predict with certainty the sentence that would be imposed, that the plea was freely

---

[1] The Court is not considering any new grounds or evidence set forth in the reply. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-cf-0340-P.

and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his legal representation. *Id.* Movant also signed a factual resume that set forth the penalties Movant faced as to each count, the essential elements of each count, and the stipulated facts establishing that Movant had committed each of the offenses charged. CR ECF No. 20.

On November 22, 2022, Movant appeared in open court for arraignment and testified under oath that: he understood that the Court would not be bound by the stipulated facts and could take into account other facts; he had read the information and fully understood the charges against him; he understood the essential elements of each count and committed each of them; he had discussed with counsel how the guidelines might apply in his case and was fully satisfied with the legal representation and advice he had received; he signed the plea agreement; he had read and understood the plea agreement; he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; he knowingly and voluntarily entered into the plea agreement and no one made any promise or assurance or threat to induce him to plead guilty; he understood the penalties he faced as to each count; and, he read, understood, and signed the factual resume and the facts set forth therein were true and correct. CR ECF No. 63.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 7. CR ECF No. 25-1, ¶ 51. He received a 14-level enhancement based on the amount of intended loss, *id.* ¶ 52, a 2-level enhancement because the offense involved 10 or more victims, *id.* ¶ 53, a 2-level enhancement for relocating a fraudulent scheme to evade law enforcement, *id.* ¶ 54, and a 4-level enhancement for role as organizer or leader in a criminal activity that involved five or more participants or was otherwise extensive. *Id.* ¶ 57. He received a 2-level and a 1-level adjustment for acceptance of responsibility. *Id.* ¶¶ 61, 62. Based on a total offense level of 26 and a criminal history category of III, his guideline imprisonment range for counts one and two was 78 to 97 months. *Id.* ¶ 110. The maximum term of imprisonment for count

three was 2 years, which was required to be served consecutively to his sentence on the other counts. *Id.* ¶ 109. Movant filed objections. CR ECF No. 28. The probation officer prepared an addendum to the PSR reflecting a greater loss amount and consequential increase in the guideline range to 121 to 151 months. CR ECF No. 30-1. Movant filed a sentencing memorandum and motion for downward variance. CR ECF No. 34.

The Court sentenced Movant to a term of imprisonment of 136 months as to count one, a term of imprisonment of 120 months as to count two, to run concurrently with the sentence imposed as to count one, and a term of imprisonment of 24 months as to count three, to run consecutively to the sentences imposed as to counts one and two, for a total term of imprisonment of 160 months. CR ECF No. 41. Retained counsel were allowed to withdraw. CR ECF Nos. 45, 47. Movant filed a notice of appeal, CR ECF No. 51, despite having waived the right to do so. CR ECF No. 18, ¶ 12. The Court appointed an attorney, Peter Christian Smythe, to represent Movant on appeal. CR ECF No. 61. Smythe filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011), and was allowed to withdraw. The United States Court of Appeals for the Fifth Circuit concurred with counsel that the appeal presented no nonfrivolous issue for review and affirmed the judgment. *United States v. Malik*, No. 23-10610, 2024 WL 913372 (5th Cir. Mar. 4, 2024). His petition for writ of certiorari was denied. *Malik v. United States*, 145 S. Ct. 329 (2024).

## GROUNDS OF THE MOTION

Movant sets forth two grounds in support of his motion, both alleging that he received ineffective assistance of counsel. ECF No.[3] 1.

---

[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

## APPLICABLE LEGAL STANDARDS

### A.  § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be

substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant alleges that counsel rendered ineffective assistance during the plea process, but the facts supporting the ground all relate to sentencing. ECF No. 1 at 4, 18–21.[4] Movant's complaint is that counsel failed to adequately investigate the losses attributed to him in the addendum to the PSR and to hire a forensic accountant or data analyst to review the government's loss computations. In sum, counsel did not "personally conduct or request a detailed analysis of the underlying data." *Id.* at 18.

The record reflects that counsel did respond to the addendum, relating exactly what had transpired and noting his "ethical duties to review in-house, unredacted information" kept by the government in order to advise Movant of the changes, explain the effect, and discuss strategies with him. CR ECF No. 32. Counsel represented that he had accomplished those goals[5] and sought leave to file a sentencing memorandum and motion for downward variance, *id.*, which was

---

[4] The page number references to the motion are to "Page __ of 43" reflected at the top right portion of the document on the Court's electronic filing system.

[5] The Court has no reason to believe otherwise. Movant's conclusory allegations regarding his own review of the evidence do not change the Court's opinion. *See* ECF No. 1 at 22–24. Nor do they entitle him to relief, *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), much less an evidentiary hearing. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (movant not entitled to evidentiary hearing unless he presents independent indicia of the likely merit of his allegations).

granted. CR ECF No. 33. The sentencing memorandum and motion candidly explained from Movant's perspective that the government had continued its investigation after he entered into the plea agreement with the result that he faced a much more serious sentence than he believed at the time he would face. CR ECF No. 34. To the greatest extent possible without compromising Movant's acceptance of responsibility, counsel explained why he believed the government had violated the plea agreement and the Court's orders regarding disclosure of information and requested that the loss amount be capped at the amount disclosed prior to the plea agreement. *Id.* He also urged a downward variance. *Id.* The government responded, noting that it had not entered into any agreement as to loss amount and that Movant's fraud was so extensive that it took months to sort out. CR ECF No. 35. Counsel argued the loss amount and the organizer/leader enhancement at sentencing and did not prevail. CR ECF No. 50. That he did not prevail does not mean that Movant received ineffective assistance of counsel. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). As the Court recognized, there was an "abundant preponderance of the evidence" that Movant was the leader organizer of criminal activity that resulted in a $4 million loss. CR ECF No. 50 at 23.

To the extent Movant alleges that counsel failed to investigate, he has not made a specific, affirmative showing of what the missing evidence or testimony would have been or how it would have affected the outcome. *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). In fact, there is no reason to believe that any different evidence or argument would have affected the outcome. Any objection that Movant should not have been held accountable for intended loss would have been frivolous. *See* ECF No. 5 at 13–14. Again, as the Court noted, there was abundant evidence to support the loss amount and Movant's role in the fraud.

In his second ground, Movant alleges that he received ineffective assistance on appeal because counsel filed an *Anders* brief. ECF No. 1 at 5. He claims to have "brought up valid issues for counsel to pursue" but does not identify any of them. *Id.* To prevail on this ground, he was required to show that counsel failed to present solid, meritorious

6

arguments based on directly controlling precedent and that, as a result, he was prejudiced. *United States v. Williamson*, 183 F.3d 458, 462–63 (5th Cir. 1999). He has not done so.

The filing of an *Anders* brief does not constitute ineffective assistance; rather, an attorney is under an ethical obligation to refuse to prosecute a frivolous appeal and to seek to withdraw if he finds the case to be wholly frivolous. *Anders*, 386 U.S. at 744; *White v. United States*, 23 F. App'x 570, 572 (7th Cir. 2001). That is what counsel did and the Fifth Circuit concurred that there were no nonfrivolous issues to review. *Malik*, 2024 WL 913372, at *1.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **2nd day of April 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE